## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| MARCANNE BECK, on behalf of herself and others similarly situated, ) ) | Civil Action No.: |
| ) | |
| ) | COMPLAINT - - CLASS ACTION |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| THOMASON LAW FIRM, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF ACTION

1.      This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1] In fact, in 2015, over one-third of the

---

[1]      *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014),

complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

4.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).  A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

5.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'"  *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

6.      This case centers on the failure of Thomason Law Firm, LLC ("Defendant") to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to New Mexico consumers, or within five days thereafter.

**PARTIES**

7.      Marcanne Beck ("Plaintiff") is a natural person who at all relevant times resided in Albuquerque, New Mexico.

---

http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2]      *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2015* at 13 (2015), http://files.consumerfinance.gov/f/201503_cfpb-fair-debt-collection-practices-act.pdf.

8.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes— namely, a personal credit card issued by Comenity Bank (the "Debt").

10.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.     Defendant is a professional corporation with its corporate headquarters in Albuquerque, New Mexico.

12.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.     At the time Defendant acquired the Debt for collection purposes, the alleged Debt was in default, or Defendant treated the Debt as if it was in default from the time it obtained it for collection.

14.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

16.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

17.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Ms. Beck resides in this District, and where Defendant transacts business in this District and has its corporate headquarters in this District.

## FACTUAL ALLEGATIONS

18.     On or about June 17, 2015, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt. A true and correct copy of the June 17, 2015 communication to Plaintiff is attached hereto as **Exhibit A**.

19.     The June 17, 2015 communication was the first communication Plaintiff received from Defendant.

20.     Plaintiff did not receive any additional communications from Defendant within five days of the June 17, 2015 communication.

21.     The June 17, 2015 communication to Plaintiff stated that Plaintiff's "above referenced account(s) have been turned over to our law firm by COMENITY BANK for collection." *See* Ex. A.

22.     Defendant's June 17, 2015 communication continued, "This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose." *See* Ex. A.

23.     The June 17, 2015 communication then stated:

Unless this account is paid in full within 30 days of the date you receive this letter, a lawsuit may be filed against you to collect the amount owed. If a lawsuit is filed against you and judgment is obtained, you may become obligated to pay additional fees and costs.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Ex. A.

24.     Defendant's June 17, 2015 communication overshadowed the notice of validation rights mandated by 15 U.S.C. § 1692g(b) by informing Plaintiff that a lawsuit may be filed against her unless she paid her account in full within 30 days of receipt of the communication.

25.     Indeed, by stating that the only way to avoid a lawsuit is to make full payment within 30 days, Defendant encouraged Plaintiff to not take advantage of her validation rights and forego important protections afforded by the FDCPA, all to Defendant's benefit and Plaintiff's detriment.

26.     As the Seventh Circuit wrote in *Chauncey v. JDR Recovery Corp.*:

Defendant argues that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (i.e., "within thirty (30) days"). But the letter required that plaintiff's payment be received within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply. In contrast, subparagraphs (3) and (4) of § 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt.

118. 3d 516, 519 (7th Cir. 1997); *see also Swift v. Maximus, Inc.*, No. 04–cv–216 (JBW), 2004 WL 1576618, at *3–4 (E.D.N.Y. July 15, 2004) ("[T]he notice states that payment must be received within the thirty day limit. Even the least-sophisticated consumer would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline.").

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> (a) All persons with a New Mexico address, (b) to whom Thomason Law Firm, LLC mailed an initial debt collection communication that stated: "Unless this account is paid in full within 30 days of the date you receive this letter, a lawsuit may be filed against you to collect the amount owed," (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

28.     The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

29.     The proposed class satisfies Rule 23(a)(2) and (3) because Plaintiff's claim is typical of the claims of the members of the class. To be sure, the claims of Plaintiff and all of the members of the class originate from the same conduct, practice, and procedure on the part of

Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

30.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

32.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

33.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

a.   Defendant's violations of the FDCPA as alleged herein;

b.   Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g;

c.   the existence of Defendant's identical conduct particular to the matters at issue;

d.   the availability of statutory penalties; and

e.   the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. § 1692g(b)

34.     Plaintiff repeats and re-alleges each and every factual allegation contained in

paragraphs 1 through 33.

35.     The FDCPA at 15 U.S.C. § 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

36.     The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g was ineffective and overshadowed and contradicted the statutory notice.

37.     Specifically, the June 17, 2015 communication stated: "Unless this account is paid in full within 30 days of the date you receive this letter, a lawsuit may be filed against you to collect the amount owed." This statement conveyed to the least-sophisticated consumer that the only way to avoid a lawsuit was to make full payment within 30 days, when, in reality, the consumer could dispute all or a portion of the debt during that 30-day validation window.

38.     The effect of the June 17, 2015 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g.

39.     In addition, Defendant's June 17, 2015 communication overshadowed and rendered ineffective the disclosures required by 15 U.S.C. § 1692g.

40.     The language that Defendant included in its June 17, 2015 communication to Plaintiff contradicts statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

41.     In the alternative, Defendant, through its communication, failed to explain an apparent, though not actual contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

42.     Defendant designed its June 17, 2015 letter to Plaintiff to evade the spirit of the FDCPA, and to lead Plaintiff to disregard her statutory rights under the FDCPA.

43.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and

overshadowed her rights regarding how to dispute the validity of her personal debt. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

44.     Defendant, therefore, violated 15 U.S.C. § 1692g(b) by contradicting—whether actually or apparently—disclosures required by 15 U.S.C. § 1692g(a), and by overshadowing disclosures required by 15 U.S.C. § 1692g(a).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.  Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(b);

c.  Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d.  Enjoining Defendant from future violations of 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class;

e.  Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f.  Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g.   Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  June 14, 2016                             Respectfully submitted,

*/s/ Anita M. Kelley*
Anita M. Kelley
Law Office of Anita M. Kelley
1121 Fourth St. NW, Suite 1-A
Albuquerque, NM 87102
Tel: (505) 750-0265
amk@anitakelleylaw.com

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

* to seek admission *pro hac vice*